# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON FREEMAN, | CV F  06-261 AWI LJO P |
| Plaintiff, | |
| v. | ORDER DENYING REQUEST FOR SERVICE OF COMPLAINT (Doc. 19.) |
| CA STATE, et. al., | |
| Defendants. | |

Ron Freeman ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on February 27, 2006, in the Sacramento Division of the Eastern District of California.  The case was subsequently transferred tot his Court and received on March 8, 2006.  On March 28, 2006, the Court ordered Plaintiff to submit a completed application to proceed in forma pauperis or pay the filing fee.  Following resolution of the fee issue, Plaintiff filed Petition for Writ of Mandate which was disregarded by the Court.

On September 25, 2006, Plaintiff filed an Amended Complaint.  On October 10, 2006, Plaintiff filed a pleading titled "Emergency Notice re Medical Condition."  On October 16, 2006, Plaintiff filed a Request for service of the summons and complaint.

Plaintiff states that he has cancer and that it is going untreated. Plaintiff states that the Court does not need to "screen" this case because Judge Martin Jenkins from the Northern District screened it before transferring it to this Court.

Plaintiff is mistaken. A review of the Court record reveals that this case was filed in the Sacramento Division of the Eastern District of California. The case was transferred per Court Order signed by Judge Moulds on March 7, 2006. There is no indication in that Order that the case was "screened" pursuant to the Prison Litigation Reform Act and that it sufficiently stated a cognizable claim for relief.[1] Even were that the case, Plaintiff filed an Amended Complaint which again, must be screened before the Court will order service.

Plaintiff should note that the Court has pending before it several hundreds of similar cases many of which are in need of screening and filed by inmates who are also alleging a denial of medical care. The Court screens these cases in the order in which they are received. Further, and contrary to Plaintiff's belief that thee mere granting of *in forma pauperis* status requires the Court to serve the summons, *in forma pauperis* status only relieves Plaintiff from having to pay for service of the Complaint. As noted above, the Court is required to screen the complaint and will only direct service of the Complaint if the Complaint states a cognizable claim for relief against the named defendants. Following such a determination, the Court will, *sua sponte*, issue such an Order. Accordingly, the request for service of the Complaint is DENIED.

The Court HEREBY ORDERS:

1. The Request for Service of the Complaint is DENIED.

IT IS SO ORDERED.

**Dated:   October 21, 2006**            **/s/ Lawrence J. O'Neill**
b9ed48                              UNITED STATES MAGISTRATE JUDGE

---

[1] The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).