# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON FREEMAN, | 1:06-cv-00261-LJO-GSA (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| THE STATE OF CALIFORNIA, et. al., | (Doc. 17) |
| Defendants. | |

**I.   SCREENING ORDER**

Ron Freeman ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint in the Sacramento Division of this Court on February 27, 2006. It was transferred to the Fresno Division on May 11, 2006. Plaintiff filed his first amended complaint on September 25, 2006.

**A.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

1

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.     Summary of Plaintiff's Complaint**

Plaintiff is a state prisoner, currently incarcerated at San Quentin State Prison.  The acts he complains of occurred at Pleasant Valley State Prison ("PVSP") in Coalinga, California. Plaintiff names the following defendants: J. Tilton the Director for the State of California Department of Corrections; PVSP Warden James Yates; the Board of Prison Terms; MTA King; MTA Harper; Doe 2 – CDC Chief Medical Officer; John Doe 3, M.D.; Correctional Officer Austin; John Doe 4, M.D., Sergeant Attwood, and Does 10-25.

Plaintiff alleges that: upon transfer to PVSP, "the defendants" knew that Plaintiff's "medical condition" constituted a serious medical need requiring medication and medical care including, but not limited to, arthritis medication, cancer surgery, dental care, and opthamology; that he has suffered, and continues to suffer from severe pain, requiring daily pain medication; that from June 4, 2005 to the present, "the defendants" have been aware of his need for pain treatment; that in that same time frame, "defendant (sic) have repeatedly delayed performing medical test (sic) and providing medical treatment for plaintiffs (sic) condition" (such delayed medical tests include x-rays, dental x-rays, exploratory surgery, opthamologic exams, surgery to remove growths, medication, dental fillings and prosthetics); that from June 4, 2005 to the

present, "defendants" have failed or refused to provide Plaintiff with the items he medically needs; and that "failure to treat the condition has resulted in further significant injury, and ... is likely to cause more serious injury ... includ[ing] ... degenerative cancerous conditions, arthritis, toothaches, vision loss, and tinnitus and very severe pain."

Plaintiff seeks monetary damages and injunctive relief in the form of proper medical diagnostic testing and treatment according to proof.

Plaintiff fails, but may be able, to state a cognizable claim. Thus, the Court is dismissing his amended complaint with leave to file a second amended complaint.

If he chooses to file a second amended complaint, Plaintiff should bear in mind that any allegations regarding the length of his incarceration (i.e. against named defendant "the Board of Prison Terms") should be brought in a separate action, as a habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).

**C.    Pleading Requirements**

**1. *Federal Rule of Civil Procedure 8(a)***

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and

unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Plaintiff's amended complaint is vague at best. Plaintiff fails to comply with Rule 8(a) as he fails to allege specific dates and the serious medical need(s) to which he claims "the defendants" were deliberately indifferent. A wide array of possibilities can be inferred from the diversity of both the medical treatments he claims to have needed that were not provided and his potential subsequent injuries. The Court fails to see how any of the named defendants might be able to discern which medical condition(s) Plaintiff charges them with being deliberately indifferent to.

### 2. *Federal Rule of Civil Procedure 18*

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The vagueness of Plaintiff's amended complaint also causes Plaintiff not to comply with

Rule 18(a) as the diversity of possible inferences regarding the medical conditions to which his allegations attach appear to the Court to be a combination of unrelated claims against possibly unrelated defendants in this single filing.

Plaintiff is advised that if he chooses to file an amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed therein as strikes such that he may be barred from filing in forma pauperis in the future.

### 3. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff fails to link any of the named defendants to any of his factual allegations. The use of general terms such as "the defendants" and "defendants" fails to specifically link defendants (entities and/or individuals) to allegations of deliberate indifference. Plaintiff must specify which defendants he believes acted, or failed to act, in a manner that amounts to a violation of his Federal rights.

**D.**   **Claims for Relief**

5

**1.** *8th Amendment/Cruel & Unusual Punishment*
*Deliberate Indifference to Serious Medical Needs*

Plaintiff's only stated claim for relief is for deliberate indifference to his serious medical needs in violation of his rights under the Eighth Amendment.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . .

6

that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff fails to state: his medical condition that allegedly equates to a serious medical need; what specifically any of the named defendants did, or failed to do, that he feels amounted to deliberate indifference to that need; and what injury he actually sustained (if any) from any delay(s) in treatment. Plaintiff also fails to sufficiently allege that any of the defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer v. Brennan, 511 U.S. at 837.

## 2. *Supervisorial Liability*

Plaintiff named supervisorial persons Director Tilton; Warden Yates; Doe 2 – CDC Chief Medical Officer; John Doe 3, M.D.; John Doe 4, M.D., and Sergeant Attwood as defendants in this case.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be

alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Since Plaintiff fails to link any of the named defendants to his factual allegations he fails to allege that any of the defendants personnel personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black at 646.  Thus, Plaintiff fails to state a cognizable claim against Director Tilton; Warden Yates; Doe 2 – CDC Chief Medical Officer; John Doe 3, M.D.; John Doe 4, M.D., and Sergeant Attwood such that they should be dismissed from this entire action.

### 3. *Injunctive Relief*

Plaintiff requests injunctive relief in the form of "proper medial diagnostic testing and treatment, according to proof."  Doc. 17, pg. 15.

18 U.S.C. § 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  Plaintiff fails to state a cognizable claim for violation of any of his Federal rights.  Also, Plaintiff has not yet provided proof as to what he seeks in the way of "proper medial diagnostic testing and treatment, according to proof."  Thus, there is insufficient basis for the Court to address Plaintiff's request for prospective injunctive relief at this time.

## II.     CONCLUSION

For the reasons set forth above, Plaintiff's amended complaint is dismissed, with leave to file an amended complaint within thirty days.  If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

1   Plaintiff must demonstrate in his complaint how the conditions complained of have
2 resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227
3 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is
4 involved. There can be no liability under section 1983 unless there is some affirmative link or
5 connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423
6 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588
7 F.2d 740, 743 (9th Cir. 1978).

8   Plaintiff is reminded that Fed.R.Civ.P. 18(a) provides that "'[a] party asserting a claim to
9 relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as
10 independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has
11 against an opposing party.' Thus, multiple claims against a single party are fine, but Claim A
12 against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated
13 claims against different defendants belong in different suits, not only to prevent the sort of
14 morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners
15 pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of
16 frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28
17 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

18   Plaintiff is advised that it is inappropriate to attach exhibits to a complaint. See Rule 8,
19 Federal Rules of Civil Procedure. Further, the Court cannot serve as a repository for the parties'
20 evidence. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.)
21 should not be submitted until the course of litigation brings the evidence into question (for
22 example, on a motion for summary judgment, at trial, or when requested by the court). At this
23 point, the submission of evidence is premature as Plaintiff is only required to state a prima facie
24 claim for relief. Thus, in amending his complaint, Plaintiff should simply state the facts upon
25 which he alleges a defendant has violated his constitutional rights and refrain from submitting
26 exhibits.

27   Finally, Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be
28 complete in itself without reference to any prior pleading. As a general rule, an amended

complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the court in this order; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **July 14, 2008**                     /s/ Gary S. Austin
                                               UNITED STATES MAGISTRATE JUDGE